**Civil Action No. 4:25-CV-01485**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

---

**In re: HOUSTON REAL ESTATE PROPERTIES, LLC**
***Debtor.***

---

**OTISCO RDX, LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES, LC,
AND JETALL CROIX GP, LLC**
***Appellants*,**
v.

**JOHN QUINLAN, OMAR KHAWAJA AND OSAMA ABDULLATIF**
***Appellees*.**

---

Appeal from the United States Bankruptcy Court for
the Southern District of Texas, Adv. Case No. 23-03141
Hon. Jeffrey P. Norman, Presiding

---

**BRIEF OF APPELLANTS OTISCO RDX, LLC, MCITBE, LLC,
JETALL/CROIX PROPERTIES, LC, AND JETALL CROIX GP, LLC**

---

Jeffrey W. Steidley
THE STEIDLEY LAW FIRM
Texas State Bar No. 19126300
Federal Bar No. 5609
jeff@texlaw.us
3701 Kirby Drive, Suite 1196
Houston, Texas 77098
(713) 523-9595

**ATTORNEYS FOR APPELLANTS**

## CORPORATE DISCLOSURE STATEMENT

Appellants, OTISCO RDX, LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES, LC, AND JETALL CROIX GP, LLC, each has no parent company, and no publicly held corporation owns no more than 10% of stock. The Reorganized Debtor, Houston Real Estate Properties, LLC, is not a party to this appeal.

## CERTIFICATE OF INTERESTED PERSONS

Under FRAP 26.1, Appellants, OTISCO RDX, LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES, LC, AND JETALL CROIX GP, LLC, certifies that the following list is, to the best of his knowledge, a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations, and/or other legal entities who or which are financially interested in the outcome of this appeal.

**OTISCO RDX, LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES, LC, AND JETALL CROIX GP, LLC (Appellants)**

Counsel:
Jeffrey W. Steidley
THE STEIDLEY LAW FIRM

**JOHN QUINLAN, OMAR KHAWAJA AND OSAMA ABDULLATIF (Appellees)**

Counsel:
Steve A. Leyh, T. Michael Ballases, Angeline V. Kell
HOOVER SLOVACEK LLP

## TABLE OF CONTENTS                                    PAGE

CORPORATE DISCLOSURE STATEMENT…………………………….…..i

CERTIFICAE OF INTERESTED PERSONS……………………………..…i

TABLE OF CONTENTS……………………………………………………....ii

TABLE OF AUTHORITIES……………………………………………..iii

STATEMENT OF THE CASE ……………………….…………….............1

REQUEST FOR ORAL ARGUMENT……………………………………..5

ISSUES PRESENTED………………………………………...……….......5

ARGUMENT AND AUTHORITIES…………………….……………….....6

    A. General Statement Regarding Jurisdiction……………………………6
    B. The challenge to subject matter jurisdiction is not untimely…………….8
    C. The Dismissal for Lack of Jurisdiction Terminated the Adversary
       Complaint……………………………………………………………...8
    D. There is no case or controversy in the adversary, even if one ignores
       the other jurisdictional deficiencies…………………………………9
    E. The bankruptcy court has no bankruptcy jurisdiction over claims
       sold by the Trustee………………………………………………...12
    F. The Adversary Complaint is Moot………………………………...13
    G. Alternatively, The Case Involving the Superseded Judgment
       Should be Abated…………………………………………………14
    H. The Complaint should be dismissed because the Plaintiffs fail to
       state a claim upon which relief can be granted pursuant to FRCP
       12(b)(6)……………………………………………………………15

CONCLUSION………………………………………………………...26

PRAYER………...………………………………………………………...26

CERTIFICATE OF COMPLIANCE …………………………………………..27

CERTIFICATE OF SERVICE…………………………………………………28

**TABLE OF AUTHORITIES-Cases**                                    **PAGE**

*Abbott v. Biden*, 70 F.4th 817 (5th Cir. 2023)………………………………………8,10

*Arbaugh v. Y & H Corp.*,
546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)…………………..6,8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)……………………………...15,16

*Basic Cap. Mgmt, Inc. v. Dynex Cap., Inc.*,
976 F.3d 585, 589 (5th Cir. 2020) (quoting Fed. R. Evid. 201(d))…………………22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)…………………………15,16

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
343 F.3d 719, 724 (5th Cir. 2003)), aff'd,
514 Fed. Appx. 513 (5th Cir. 2013) (per curiam)……………………………………16

*Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456 (5th Cir. 2021)………………...13

*Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
143 F.3d 1006, 1010 (5th Cir. 1998)……………………………………………..6

*Builder's Sand, Inc. v. Dalehite* , 654 S.W.2d 858, 858
(Tex. App.--Houston [14th Dist.] 1983, orig. proceeding).....................................14

*Cass v. City of Abilene*, Civil Action No. 1:13-CV-177-C,
2014 U.S. Dist. LEXIS 197316, at *4 (N.D. Tex. Feb. 25, 2014)………………...17

*Cox v. S. Garrett*, L.L.C.,
245 S.W.3d 574, 582 (Tex. App.-Houston [1st Dist.] 2007, no pet.)……………..22

*Crescent Res. Litig. Tr. v. Nexen Pruet, LLC*
(*In re Crescent Res., LLC*), Nos. 09-11507-CAG, 11-01082- CAG,
2012 Bankr. LEXIS 287, at 25 (Bankr. W.D. Tex. Jan. 23, 2012)………………..19

*Cunningham v. Schmidt* (*In re Schmidt*),
Nos. 0584993-SGJ-7, 07-03068, 2007 Bankr.
LEXIS 2917, at *20-21 (Bankr. N.D. Tex. Aug. 24, 2007)………………………17

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006))………………...11,12

*Dynex Capital, Inc.*,
2018 U.S. Dist. LEXIS 76448, at 11 (N.D. Tex. May 7, 2018)…………………...18

*Ex Parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)………...9

*Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 (5th Cir. 2018) (same)……………7

*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)…………………………22

*Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 431 (5th Cir. 2014)…………………13

*Green Valley Special Util. Dist. v. City of Schertz*,
969 F.3d 460, 480 (5th Cir. 2020) (en banc)……………………………………..7

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
634 F.3d 787, 795 n.2 (5th Cir. 2011)…………………………………………………6

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
143 F.3d 1006, 1010 (5th Cir. 1998)……………………………………………..7

*Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015)………………………………6

*In re Tex. Dep't of Transp.*,
583 S.W.3d 794, 798 (Tex. App.-El Paso 2019, orig. proceeding)………………..14

*In re Tex. Educ. Agency*, 619 S.W.3d 679, 683 (Tex. 2021)………………………14

*In re USA Promlite Tech. Inc.*, 636 B.R. 743, 754 (Bankr. S.D. Tex. 2022)……….7

*In re Zale Corp.* 62 F.3d 746, 755 (5th Cir. 1995)………………………………...13

*Knox v. Serv. Emps. Int'l Union, Local* 1000 ,
567 U.S. 298, 307, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012)……………………..13

*Kontrick v. Ryan*,
540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)………………..…8

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)………………….7,10

*Munoz v. Cedar Park Constr., LLC*
(*In re RTX Custom Homes, Inc.*), Nos. 14-11732-HCM, 15-01110-HCM,
2017 Bankr. LEXIS 1669, at 100 (Bankr. W.D. Tex. June 8, 2017)................19

*Paramount Petroleum Corp. v. Taylor Rental Ctr.*,
712 S.W.2d 534, 536 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.)....21

*Pelletier v. Victoria Air Conditioning, Ltd*.,
780 F. App'x 136, 139 (5th Cir. 2019)...............................................6

*Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citations omitted)............7

*Schroeder v. Wildenthal*, No. 3:11-CV-0525-B,
2011 U.S. Dist. LEXIS 137843, at *14 (N.D. Tex. Nov. 30, 2011)...................17

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*.,
851 F.3d 530, 534 (5th Cir. 2017)..................................................7

*SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008)....12,21

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)....................9

*Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015)........................10,12

*Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.*),
711 F. App'x 216, 223 (5th Cir. 2017)............................................11,18

*Town of Chester v. Laroe Ests., Inc.*,
581 U.S. 433, 439, 137 S. Ct. 1645, 198 L.Ed.2d 64 (2017)..................8,10,23

*Turner v. America Home Key Inc.*,
2011 U.S. Dist. LEXIS 91173, at *6 (N.D. Tex. Aug. 16, 2011)....................16

*United Healthcare Servs. v. Next Health, LLC*,
No. 3:17-CV- 00243-E-BT, 2021 U.S. Dist.
LEXIS 36084, at *47-48 (N.D. Tex. Feb. 26, 2021)................................19

*United States ex rel. Williams v. Bell Helicopter Textron, Inc.*,
417 F.3d 450, 453 (5th Cir. 2005)................................................16

*United States v. St. Paul Mercury Insurance Company*,
361 F.2d 838, 839 (5th Cir. 1966)……………………………………………………10

*U.S. King King, LLC v. Precision Energy Svcs., Inc.*,
555 S.W.3d 200, 213-14 (Tex. App.-Houston [1st Dist.] 2018, no pet.)………….20

*Whitmore v. Arkansas*,
495 U.S. 149, 155-56, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990))………………..6

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)………………………6,9

*Wilson v. Davis*,
305 S.W.3d 57, 68 (Tex. App.-Houston [1st Dist.] 2009, no pet.)…………….11,19

## Statutes

11 U.S.C. § 502(b)(9)…………………………………………………………………2

11 U.S.C. § 548……………………………………………………………………17

16 Moore § 106.66[1], pp. 106-88 to 106-89)………………………………………...9

Fed. R. Bankr. P. 3003(c)(3)………………………………………………………….2

FED. R. CIV. P. 8(a)(2)………………………………………………………………16

Federal Rule of Civil Procedure ('FRCP') 12………………………………………...3

Fed. Rule Civ. Proc. 12(b)(1)………………………………………………………8

Fed. Rule Civ. Proc. 12(b)(6)…………………………………………………15,22

Fed. Rule Civ. Proc.12(h)(3)………………………………………………………8

Federal Rule of Bankruptcy Procedure 7012…………………………………………6

TEX. BUS & COM. CODE § 24.005 and § 24.006……………………………………17

Tex. Bus. Orgs. Code § 21.223(b)………………………………………………...20

## STATEMENT OF THE CASE

This appeal involves the summary denial of a Motion to Dismiss filed by Appellants, who asserted a lack of jurisdiction of the bankruptcy court, and the failure of the pleading to state a claim upon which relief might be granted. Prior to the motion that is the subject of this appeal, the bankruptcy court dismissed the adversary due to a lack of standing, and therefore a lack of subject matter jurisdiction. After that dismissal, however, the bankruptcy court continued to deal with the adversary complaint as if it were a live pleading. When the Motion To Dismiss that is the subject of this appeal asserted a lack of subject matter jurisdiction, or in the alternative the failure to state a claim, the bankruptcy court denied the motion as untimely, never addressing the merits.

The adversary complaint asserted a series of derivative causes of action against a multitude of Defendants in the effort to collect three judgments.[1] One of the three judgments is actually against the Debtor and is the subject of two proofs of claim (No. 4 and No. 5) made by the creditor Osama Abdullatif and his company.[2] This judgment has been superseded, which in law means that it has

---

[1] The Debtor is not named as a Defendant.

[2] The claims register and a few documents cited herein are from the main bankruptcy case, and this Court can take judicial notice of them. They were inadvertently not included in the record on appeal. They are not in dispute. Appellant is filing a Motion to Supplement the Record on Appeal for the claim register and documents cited in the brief as "Doc. 102, 173, 174, 175, 176, 177, 182, 189, 196."

been paid.  The state court of appeals has yet to rule on the appeal of the judgment in that case.

The remaining two judgments that are subject to collection efforts are against a company named Jetall and do not involve the Debtor and never did.  None of the Plaintiffs have ever filed a proof of claim against the Debtor asserting that the Debtor was obligated to pay the Jetall judgments and since the bar date for proofs of claim passed in 2023 these judgments are not obligations or debts of the Debtor as a matter of law.[3]

During the bankruptcy, property was sold, and certain claims were paid. Others were denied after objection. The Claims Register has a total of twelve (12) claims listed.  Of those, Claims 4 and 5 were made by Osama Abdulatif and his company Abdulatif & Company, LLC, related to the superseded judgment.  Claims 1,[4] 2,[5] 3,[6] and 6[7]  have been paid, and withdrawn.  Claims 8, 9, 10, 11, and 12 were all disallowed by order of the court after objection.[8]

Thus, the only creditors remaining in the Chapter 7 proceeding are Mr. Abdulatif and his company who are making claims related to the superseded state

---

[3] *See* 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3003(c)(3)(failure to comply with proof of claim deadlines generally results in the claim being disallowed).
[4] Doc. 176.
[5] Doc. 175.
[6] Doc. 174.
[7] Doc. 177.
[8] Doc. 189 and 196.

court judgment.[9]  Any such action, if it survives the failure to be listed as an asset,[10] is subject to Texas state law as it applies to superseded judgments.

The Chapter 7 Trustee has indicated that there is a balance of over half a million dollars left in the Debtor's account after all approved claims have been paid.  The only potential claim left in this bankruptcy is fully superseded and has as a further backstop over half a million dollars.  This adversary can grant the "creditors" no more relief than they already have.  There is no deficiency to which any derivative claim might attach.

Plaintiffs (Appellees here) originally requested permission to file this adversary and the bankruptcy court granted leave to file but reserved for another day any issue related to the standing of the Plaintiffs to assert the claims in the adversary.[11]  The adversary complaint made assertions of liability for alter ego, fraudulent transfer, and common business enterprise – all derivative claims that require the primary debtor to be insolvent.

On October 23, 2023 the bankruptcy court ruled that Plaintiffs had no standing to bring the adversary and dismissed the Complaint. (CR 538-541)[12] On

---

[9] Claim 7 is a claim by the Trustee for $250 which has presumably been paid as well.

[10] It does not appear that any of the causes of action in the adversary were scheduled as an asset by the Debtor.  The current Plaintiffs take only what the Trustee had, which in this case is an unscheduled cause of action.

[11] (before litigation is filed court "cannot rule on any dispositive issues in the potential litigation [like standing or Federal Rule of Civil Procedure ('FRCP') 12 issues"])

[12] "Therefore, the motion to dismiss is granted on the basis of lack of standing, and the Court does not need to reach the other arguments in the motion to dismiss."

that same date, Plaintiffs' request to have "Derivative Standing" was denied. (CR 542-3).

In its Order of Dismissal, the Court gave the Trustee fourteen days to become the Plaintiff,[13] but the Trustee declined and has never made an appearance as Plaintiff.  The ruling that the Plaintiffs had no standing to bring the adversary established that the bankruptcy court *never* had subject matter jurisdiction over the adversary at any time.  That ruling was never challenged or appealed.

Subsequently, the Trustee made a Motion for Authority to Sell Litigation Claims (Doc. 173) which the bankruptcy court granted on January 5, 2024.[14]  On January 25, 2024 the Debtor's claims, if any, were sold to the Plaintiffs in this adversary (Doc. 188), but no new pleadings were filed to replace the one that was dismissed.[15]  Appellees did purport to file a "Supplemental Complaint"[16] and a "Supplemental Amended Complaint"[17] but there was no Complaint to be

---

within fourteen days.

[13] "As a Chapter 7 Trustee has been appointed, the Court will allow the appointed Chapter 7 Trustee to become the plaintiff within fourteen days."

[14] Doc. 182. Notably the Order only sells what asset the Debtor may have had in the way of litigation claims.  These were not listed as an asset of the Debtor and once sold can only be pursued in a different forum since the bankruptcy court loses jurisdiction of those claims once they are no longer assets of the bankruptcy estate. *See Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 431 (5th Cir. 2014)("bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor.").

[15] It is important to note that at no time has anyone, including the Plaintiffs, asserted that the Debtor owes anyone anything with respect to the Jetall judgments.  The adversary claims, such as they are, were property of the estate, and only become actionable if the Debtor has insufficient funds to pay its debts, a situation not present here.

[16] (CR 544-548)

[17] (CR 549-554)

4

"supplemented" or "amended."  No new jurisdictional allegations were asserted.

Appellants filed their Amended Motion to Dismiss on March 11, 2025 (CR 595-617) once again challenging subject matter jurisdiction and reminding the court of its earlier rulings.  The bankruptcy court summarily denied the motion without reference to its contents on March 11, 2025, stating: "this motion was filed in violation of the Court's trial scheduling order entered on March 5, 2024 (ECF No. 149), which required dispositive motions to be filed by October 31, 2024." [18] Appellants timely filed their Notice of Appeal (CR 583) and made their designation of the record and issues on appeal.[19]

## REQUEST FOR ORAL ARGUMENT

Appellants respectfully request oral argument in this appeal.

## ISSUES PRESENTED

- Whether the challenge to subject matter jurisdiction was timely?
- Whether the Dismissal for Lack of Jurisdiction Terminated the Adversary Complaint?
- Whether there is a case or controversy in the adversary complaint?
- Whether the bankruptcy court has bankruptcy jurisdiction over claims sold by the Trustee?
- Whether the Adversary Complaint is Moot?
- Whether the Complaint should be dismissed because it fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6)?

---

[18] (CR 632)

[19] Document 11-2.

## ARGUMENT AND AUTHORITIES

### A. General Statement Regarding Jurisdiction

A court must dismiss a party's complaint if it does not plausibly establish the court's "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998). A court does not have the constitutional power to adjudicate a dispute involving a plaintiff that lacks constitutional standing; thus, warranting dismissal. *Pelletier v. Victoria Air Conditioning, Ltd*., 780 F. App'x 136, 139 (5th Cir. 2019) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 795 n.2 (5th Cir. 2011)). Federal Rule 12 applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

 "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015)(*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155-56, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)).  A well established rule is that an objection to the court's subject-matter jurisdiction, based on a lack of standing, can be asserted "at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). If there is no federal jurisdiction, it may not be created by amendment. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (determining that a party may not

"retroactively create subject matter jurisdiction").

Rule 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking," this Court must enter an order dismissing this suit if it finds it lacks jurisdiction to adjudicate the Plaintiff's claims. *In re USA Promlite Tech. Inc*., 636 B.R. 743, 754 (Bankr. S.D. Tex. 2022). "A federal court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *Green Valley Special Util. Dist. v. City of Schertz*,  969 F.3d 460, 480 (5th Cir. 2020) (en banc).

"Federal courts are courts of limited jurisdiction." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citations omitted). Since the Plaintiffs invoke the power of this Court, they have the burden of establishing the court's subject matter jurisdiction over their claims. *See, Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*., 851 F.3d 530, 534 (5th Cir. 2017) (burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction); *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 (5th Cir. 2018) (same).

To invoke the jurisdiction of the federal courts under Article III, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v.*

*Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).[20]

Indeed, "a plaintiff must demonstrate standing for each claim he seeks to press and

for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 581

U.S. 433, 439, 137 S.Ct. 1645, 198 L.Ed.2d 64 (2017).

## B.  The challenge to subject matter jurisdiction is not untimely

The law on this is quite clear.  The Supreme Court states the rule as follows:

> The objection that a federal court lacks subject-matter jurisdiction, see
> Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court
> on its own initiative, at any stage in the litigation, even after trial and
> the entry of judgment. Rule 12(h)(3) instructs: "Whenever it appears
> by suggestion of the parties or otherwise that the court lacks
> jurisdiction of the subject matter, the court shall dismiss the action."
> *See Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed.
> 2d 867 (2004)

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  The bankruptcy court erred

when it summarily dismissed an objection to its subject matter jurisdiction.

## C.  The Dismissal for Lack of Jurisdiction Terminated the Adversary Complaint

The Order of Dismissal clearly and unequivocally dismissed the adversary

complaint for lack of subject matter jurisdiction.  (CR 619-620 ) When subject

matter jurisdiction is absent, the court is required to dismiss the entire complaint.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)("when a federal court concludes

---

[20] Cited in *Abbott v. Biden*, 70 F.4th 817 (5th Cir. 2023).

that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *citing* 16 Moore § 106.66[1], pp. 106-88 to 106-89).

Once the adversary was dismissed in its entirety, and no appeal taken with respect to the dismissal order, it ceased to exist as a live case, and neither the bankruptcy court or the Appellees could create jurisdiction by supplemental or amended pleadings. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (determining that a party may not "retroactively create subject matter jurisdiction"). Indeed a court cannot even abate a case over which it has no subject matter jurisdiction. As the Supreme Court stated in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, **the only function remaining to the court is that of announcing the fact and dismissing the cause**."[21]

The bankruptcy court erred when it continued to assert jurisdiction over the adversary complaint that it had dismissed for lack of subject matter jurisdiction.

### D. <u>There is no case or controversy in the adversary complaint, even if one ignores the other jurisdictional deficiencies</u>

To invoke the jurisdiction of the federal courts under Article III, a plaintiff

---

[21] Citing *Ex Parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)(emphasis added).

"must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).[22] Indeed, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439, 137 S. Ct. 1645, 198 L.Ed.2d 64 (2017).[23]

As has been noted above, the only claims remaining that have not been paid, or conclusively denied are claims 4 and 5, which relate solely to the superseded judgment against the debtor. Since that judgment has been superseded, there is no "debt". *United States v. St. Paul Mercury Insurance Company*, 361 F.2d 838, 839 (5th Cir. 1966)(once insurance company deposited funds in the registry of the court the amount due on the superseded judgment the Insurance Company was no longer indebted to the judgment debtor). It is uncontroverted that the judgment which is the subject of claims 4 and 5 is superseded, so in law there is no debt.

In addition, it is the burden on Appellees to establish a case or controversy, and no effort of any kind has been made to address any theoretical deficiency in the supersedeas bond established by the state court and paid by the Debtor.

---

[22] Cited in *Abbott v. Biden*, 70 F.4th 817 (5th Cir. 2023).
[23] *See also, Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015) To have standing, "the plaintiff[s] must have suffered an injury in fact"—"an invasion of a legally protected interest" that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."

Similarly absent from this record is any proof or indeed any contention that the supersedeas bond and the half million dollars in cash in the possession of the Trustee are somehow not sufficient to satisfy the judgment on appeal. The only alleged "debt" is the superseded judgment--which is actually not a debt—so there is no case or controversy in this adversary. Absent a case or controversy there is no subject matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006)).

In addition, all of the claims in the adversary complaint are derivative claims, and since there is enough funds to pay all the debts of the Chapter 7 debtor, there is no basis for a derivative claim of any kind. Any derivative claim only allows the successful party to take from the defendant the amount to satisfy the underlying debt. The doctrine of alter ego, for example, does not provide the creditor with all the assets of the supposed alter ego – only the amount necessary to satisfy the debt owed the creditor. *See Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App.-Houston [1st Dist.] 2009, no pet.) ('Piercing the corporate veil is not a cause of action but is instead a means of imposing liability for an underlying cause of action.'). The derivative claim for fraudulent transfer requires proof that the Debtor is insolvent. *Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.*), 711 F. App'x 216, 223 (5th Cir. 2017) (affirming dismissal of fraudulent transfer claims where "the Trustee failed to present any financial data showing that ATP was actually

11

insolvent). The only other ground of recovery offered is joint business enterprise, a legal theory that appears to have been rejected by the Texas Supreme Court.[24]

There is no case or controversy here. Appellees have not shown to have "suffered an injury in fact"—"an invasion of a legally protected interest" that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015) Absent a case or controversy there is no subject matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)).

### E. The bankruptcy court has no bankruptcy jurisdiction over claims sold by the Trustee

In addition to the total lack of subject matter jurisdiction already demonstrated, the bankruptcy court has no jurisdiction over claims sold by the Trustee to third parties. First of all, the purchaser of the Trustee's claims only buy whatever claims the Trustee might have, and as has been established there are no viable derivative claims. Even if there were any cognizable substance to the claims sold by the Trustee, once they were sold, they depart the jurisdiction of any bankruptcy court, because the outcome of the claims can have no effect on the

---

[24] *SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008)("We have never approved of imposing joint liability on separate entities merely because they were part of a single business enterprise")

bankruptcy estate.  *See e.g., In re Zale Corp*. 62 F.3d 746, 755 (5th Cir. 1995) (holding that bankruptcy court did not have jurisdiction over claims third parties brought against a debtor's insurer because "the claims are not property of the estate and they have no effect on the estate").  No matter the result of this adversary complaint, it will have no effect on the debtor, and this is another reason the bankruptcy court has no subject matter jurisdiction. *See Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 431 (5th Cir. 2014)("bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor.").

Even if the lack of standing, and the lack of a case or controversy were overlooked, the bankruptcy court has no subject matter jurisdiction over whatever pleadings are suggested to exist.

## F. **The Adversary Complaint is Moot**

"A matter is moot 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.' *Knox v. Serv. Emps. Int'l Union, Local* 1000 , 567 U.S. 298, 307, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012) (internal quotation marks and citation omitted)." *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456 (5th Cir. 2021).  Here the action that was owned by the Trustee was one that could be only be brought for the benefit of the creditors, who here need no such benefit.  All creditors but one have been paid and the sole remaining creditor has a supersedeas bond and access to an additional half a million dollars in funds on hand.  So, the

foundation of the action, which is to benefit creditors, has no application.   The only remaining creditor has the benefit of a full supersedeas bond, and a debtor's account with over half a million dollars in it.  If the debtor prevails on appeal, the debt is extinguished.  If the creditor prevails on appeal, more than enough money to pay them is already available. There is no need to litigate other speculative sources of funding. The adversary complaint serves no purpose at all.  It is moot.

### G. <u>Alternatively, The Case Involving the Superseded Judgment Should be Abated</u>

The judgment against the debtor has been superseded.  Supersedeas stays enforcement of a judgment pending the appeal, not only by preventing the judgment creditor from levying execution on a judgment, but also from enforcing the judgment by contempt. *In re Tex. Educ. Agency*, 619 S.W.3d 679, 683 (Tex. 2021).  Any effort related to enforcement of the superseded judgment interferes with the jurisdiction of the appellate court. *See In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 798 (Tex. App.-El Paso 2019, orig. proceeding)(attempt to enforce superseded judgment interferes court's jurisdiction); *Builder's Sand, Inc. v. Dalehite* , 654 S.W.2d 858, 858 (Tex. App.--Houston [14th Dist.] 1983, orig. proceeding)(second suit which depended on validity of superseded judgment interferes with the appellate court's jurisdiction over the pending appeal).

The outcome of the pending appeal will determine whether the alleged "debt" that is superseded is actually a debt.  The bankruptcy court did not stay that

proceeding, and without question that this is how the status of Claims 4 and 5 will be decided.  All that remains is to receive the decision of the appellate courts.  It would be inappropriate for the federal courts to ignore the state law that controls the state court proceedings and allow Appellees to proceed with this adversary complaint, if somehow they can overcome the myriad of jurisdictional defects addressed above.

### H. The Complaint should be dismissed because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) requires a Court dismiss a challenged claim if the plaintiff fails to provide both fair notice of the claim and plausible factual allegations to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint under this standard, the Court does not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Rather, discarding mere conclusions, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to

relief.'" *Id.* at 679. That is not sufficient to state a claim. Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state plausible claims a complaint must contain more than labels and conclusions and not merely a formulaic recitation of a cause of action's elements. *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 678. Enough facts must be alleged to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The standard is higher where fraud is alleged. "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. America Home Key Inc.*, 2011 U.S. Dist. LEXIS 91173, at *6 (N.D. Tex. Aug. 16, 2011) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) (per curiam). In cases alleging fraud, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir.

2005). In this case those pleadings must involve the Debtor, and these Movants; otherwise it is a matter for some other jurisdiction.

That the Plaintiffs have failed to meet their pleading standard is true under both Rule 8's pleading standard and Rule 9(b)'s heightened pleading standard, and it is the heightened standard that applies here. *Schroeder v. Wildenthal*, No. 3:11-CV-0525-B, 2011 U.S. Dist. LEXIS 137843, at *14 (N.D. Tex. Nov. 30, 2011) (dismissing constructive fraud claim for failure to meet Rule 9(b) pleading standard); *see also Cass v. City of Abilene*, Civil Action No. 1:13-CV-177-C, 2014 U.S. Dist. LEXIS 197316, at *4 (N.D. Tex. Feb. 25, 2014) ("formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8.").

To state a claim for fraudulent transfer under 11 U.S.C. § 548 or TEX. BUS & COM. CODE § 24.005 and § 24.006, the Plaintiffs must allege that transfers were made for which: (1) less than reasonably equivalent value was received in exchange; and (2) the transferor was or became insolvent. *Cunningham v. Schmidt* (*In re Schmidt*), Nos. 0584993-SGJ-7, 07-03068, 2007 Bankr. LEXIS 2917, at *20-21 (Bankr. N.D. Tex. Aug. 24, 2007).

In their Complaint, the Plaintiffs identify not a single fact that allegedly connects these Defendants with any alleged transfer. Similarly unknown on these pleadings is an amount of damage alleged related in any way to the conduct of

these Defendants. Plaintiffs parrot the language of the statutes on which they rely, without any factual support at all. *See*, *e.g.*, Complaint ¶35 (alleging "[Defendants] are alter egos of each other and have all made intentional fraudulent transfers to avoid paying their creditors" and then reciting elements of the cause of action and the badges of fraud but not tying them to any Defendant; ¶ 36-41 (alleging transfers of property while not identifying the Movants as transferors or transferees and making no allegation regarding whether any Movant was rendered insolvent by such transfer); ¶ 44-45 (reciting elements of TUFTA without tying them in any way to the Movant, including no allegations regarding intent, insolvency, etc.).

These conclusory allegations are inadequate as a matter of law to establish constructive fraud. *Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.)*, 711 F. App'x 216, 223 (5th Cir. 2017) (affirming dismissal of fraudulent transfer claims where "the Trustee failed to present any financial data showing that ATP was actually insolvent or had little capital when making the complained-of bonus payments" and that "[w]ithout a specific reference to ATP's financial condition at the time— which the Trustee should be capable of making in light of his access to ATP's financial books and records—the Trustee cannot plausibly show that ATP was insolvent at the time of the transfers."); *Dynex Capital, Inc.,* 2018 U.S. Dist. LEXIS 76448, at 11 (N.D. Tex. May 7, 2018) (holding that allegations that "[t]he transfers were for less than reasonably equivalent value;" and that "[a]t the time the transfers

18

were made, [DCI] was insolvent or became insolvent as a result of the transfers"
failed to allege that defendant acted with either "constructive or actual fraudulent
intent"); *Crescent Res. Litig. Tr. v. Nexen Pruet, LLC* (*In re Crescent Res., LLC*),
Nos. 09-11507-CAG, 11-01082- CAG, 2012 Bankr. LEXIS 287, at 25 (Bankr.
W.D. Tex. Jan. 23, 2012) (granting motion to dismiss because plaintiff "fails to
support its allegations with factual assertions" where plaintiff alleged only "dates,
amounts, and names of transferees included in Exhibit B,' along with general
conclusory allegations of insolvency and reasonably equivalent value."); *United
Healthcare Servs. v. Next Health, LLC*, No. 3:17-CV- 00243-E-BT, 2021 U.S. Dist.
LEXIS 36084, at *47-48 (N.D. Tex. Feb. 26, 2021) (dismissing constructive
fraudulent transfer claims where "there are no factual allegations regarding the
debtors' solvency or Executive Defendants' beliefs regarding that solvency to
support    the conclusory statement"); *Munoz v. Cedar Park Constr., LLC* (*In re
RTX Custom Homes, Inc.*), Nos. 14-11732-HCM, 15-01110-HCM, 2017 Bankr.
LEXIS 1669, at 100 (Bankr. W.D. Tex. June 8, 2017) (denying constructive
fraudulent transfer where Trustee could not meet his burden of proof regarding the
alleged insolvency of the debtor).

A similar analysis holds for Plaintiffs' cause of action for "Alter Ego". Alter
Ego is not a cause of action in Texas "but is instead a means of imposing liability
for an underlying cause of action." *Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App.

2009). As there is no plausible cause of action pled against the Debtor or the Movants, no viable claim of alter-ego exists.

In addition, alter ego is a state claim that has been limited by statute to require pleadings and proof that is nowhere present in Plaintiff's pleadings against these Defendants, or indeed any Defendant. In Texas disregarding the corporate structure involves two considerations: (1) the relationship between the entities; and (2) whether the entities' use of limited liability was illegitimate. *U.S. King King, LLC v. Precision Energy Svcs., Inc.*, 555 S.W.3d 200, 213-14 (Tex. App.-Houston [1st Dist.] 2018, no pet.). Thus, to pierce the corporate veil and impose liability specifically under an alter-ego theory, the plaintiff must demonstrate (1) that the entity on which it seeks to impose liability is the alter ego of the debtor, and (2) that the corporate fiction was used for an illegitimate purpose, that is, to perpetrate an actual fraud on the plaintiff primarily for the defendant's direct personal benefit. *See id.*; **Tex. Bus. Orgs. Code § 21.223(b).**

Nothing in the pleadings show that any corporate fiction was used "to perpetrate an actual fraud" on the plaintiffs for the "direct personal benefit" of the Debtor. Without involving the Debtor in the shotgun approach to alter ego, no pleadings support a right to relief for this action, which is on behalf of the class of creditors of the Debtor – NOT the Plaintiffs individually.

The joint enterprise liability, to the extent it is still viable in Texas,[25] requires a series of elements[26] for which no pleadings exist. The "debt" that could be the subject of the old joint enterprise theory was one "incurred in the pursuit of that common business purpose" and no such "business purpose" has been identified in the pleadings, and no effort has been made to identify how any "debt" exists[27] out of a pursuit of a business purpose. Indeed the allegations are all to the contrary, asserting that there was no legitimate business purpose. If this derivative liability still survives, Plaintiffs have failed to plead the elements necessary to invoke it.

This adversary complaint does not assert viable causes of action against any Defendant, including the Movants. No doubt it parrots the elements of alter ego, fraudulent transfer, and liability due to joint enterprise. None of these, however, are connected to the Debtor in this case or entitle the Plaintiffs to any relief based on the undisputed record before the Court. As a matter of law, none of the non-HREP parties are available as Defendants for alter ego, fraudulent transfer, or joint

---

[25] Arguably the Texas Supreme Court has eliminated this as a cause of action. In *SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008), the Texas Supreme Court held that a Plaintiff cannot pierce the corporate veil to impose liability of one corporation for the obligations of another merely because the corporations were acting as a single business enterprise.

[26] The single business enterprise theory imposes derivative liability: "when corporations are not operated as separate entities but rather integrate their resources to achieve a common business purpose, each constituent corporation **may be held liable for debts incurred in pursuit of that business purpose**." *Paramount Petroleum Corp. v. Taylor Rental Ctr.*, 712 S.W.2d 534, 536 (Tex. App. — Houston [14th Dist.] 1986, writ ref'd n.r.e.).

[27] Again, these pleadings are the assigned claims from the Trustee, so where is the "debt"? What is the amount of it? How does it survive the failure to include the "debt" in a Proof of Claim?

enterprise, when HREP has the undisputed ability to pay all the debts it has in this bankruptcy proceeding.     The current exercise of attempting to establish hypothetical liability is not properly before this court.

When reviewing a motion to dismiss, a court may take judicial notice "at any stage of the proceeding," *Basic Cap. Mgmt, Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (quoting Fed. R. Evid. 201(d)).  See also *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (explaining that "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a court may take judicial notice.'").

As noted, alter ego is not an independent cause of action but only exists as a vehicle whereby a creditor can obtain satisfaction of a debt from a party other than the actual debtor.   Alter ego is not a viable theory of liability in the absence of an underlying cause of action or debt. See, e.g., *Cox v. S. Garrett*, L.L.C., 245 S.W.3d 574, 582 (Tex. App.-Houston [1st Dist.] 2007, no pet.).

The pleadings currently on file assert no "underlying cause of action or debt."  Plaintiffs assert quite incorrectly that "Jetall, Choudhri, and HREP, were facing at least, three substantial judgments."   Factually and part of this court's record, HREP is subject to ONE judgment in the amount claimed in Claim #4,

which is totally superseded.

Plaintiffs assert that these judgments, "whether against HREP, Choudhri, or Jetall should be found jointly and severally collectible through any and all of the Choudhri Defendants, because they are the alter egos of each other."[28]   The HREP judgment, being superseded, is not subject to "collection" under prevailing Texas state law. There is no debt or underlying cause of action against HREP to support alter ego allegations. No cause of action is stated against HREP that supports any allegation that it is the alter ego of any third party.

In addition, the Plaintiffs have no independent right to bring an action to "collect" judgments against HREP or others:  This pleading, never amended, was stricken by this court for lack of standing.  The relief sought in the active pleadings is that Plaintiffs have judgment for some indeterminant amount for their own individual benefit.  This relief is not available to them, as has been ruled upon by the court in accordance with law. Nothing in the original pleading or any supplement has established standing for the alleged claims asserted, and thus the entire pleading fails to state a claim upon which relief can be granted. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)(plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief

---

[28] The intent here is to "collect" these judgments for the judgment creditors, not the creditors of the Debtor, which is the only cause of action allowed in this circumstance.

that is sought).

Further, Plaintiffs identify no specific facts concerning HREP that state the basis for finding it is the alter ego of any person or entity. The entirety of the assertion made by Plaintiffs under their "Causes of Action" are:

Fraudulent Transfer (All Defendants) – no transfers identified, but merely a statement of the law regarding Fraudulent Transfer;

Fraud (just with respect to Defendant Choudhri) – the pleadings are:

Choudhri committed fraud.  No specifics of any kind are pleaded.

Alter Ego (All Defendants) – two allegations are made here:

"the Choudhri Defendants are all alter egos of each other.  The Choudhri Defendants have utilized their corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory."

.."the Choudhri Defendants are alter egos of each other and being used to conceal assets and therefore are liable for the full judgment amounts in Lawsuit 1, Lawsuit 2, and Lawsuit 3."

Joint Enterprise – here Plaintiffs allege generally joint enterprise and that the "Choudhri Defendants also committed one or more torts against Plaintiff while acting within the scope of the enterprise."

The only way Plaintiffs could state a cause of action against these Movants, or indeed any of the Defendants, is if the Debtor HREP is somehow involved in precluding collection of an outstanding debt of HREP, and no pleadings support

such a theory. This action began quite incorrectly as an action by the individual plaintiffs in their individual capacity. This Court has held that the Plaintiffs had no standing, and thus there was no jurisdiction for the case. Even though the claims of the Trustee were sold to the Plaintiffs, the pleadings continue to assert individual rights for the individual Plaintiffs. The pleadings for individual relief do not state a claim upon which relief can be granted.[29]

In fact, as the bankruptcy court ruled, the claims are only viable for the benefit of the creditors of HREP, but this is nowhere alleged in the dismissed adversary complaint or any filings post dismissal. Whatever the state of the hypothetical universe, all the claims made in this bankruptcy case have been paid, or the funds to pay them are already in place.[30] On these pleadings, the Plaintiffs individually may continue to have complaints, but the only thing holding up the termination of this bankruptcy is the opinion from the Court of Appeals that has the HREP appeal. Once that occurs there will be nothing left in this bankruptcy because the HREP judgment will be paid or not as the appellate court determines.

No viable direct claim has been made against HREP other than the claims related to the superseded HREP judgment. There are no pleadings containing any

---

[29] Again, the full adversary complaint was dismissed. It cannot be resurrected theoretically. If there are any pleadings on file, the Supplemental and the Amended Supplemental are in even worse shape as far as stating a claim upon which relief could be granted,.

[30] A better question is: Why is this bankruptcy still taking up time of federal judges at all, on any issue, when all creditors have been, or will be, paid in full?

facts that implicate OTISCO RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, or Jetall/Croix GP, LLC in any way, much less in connection with HREP – even if one ignores the lack of jurisdiction and the lack of pleadings to support a theoretical cause of action.  The assertion in the pleadings is that, without any factual support, Movants have taken action to "preclude creditors [namely, Plaintiffs] from collection."   Even if there were facts to support this allegation, that has nothing whatsoever to do with this bankruptcy proceeding, which is not a vehicle for Plaintiffs to collect their Jetall judgments.

## CONCLUSION

Movant requests dismissal of the Complaint for lack of subject matter jurisdiction generally and due to lack of standing, lack of a case or controversy under Article III of the Constitution, mootness, and lack of bankruptcy jurisdiction. Alternatively, dismissal is also warranted for failure to state a claim upon which relief can be granted, since the individual relief requested is not available as a matter of law, and because the pleadings do not state a viable claim for relief.

## PRAYER

Appellee's adversary complaint should be dismissed as a matter of law for lack of standing, lack of a case or controversy under Article III of the Constitution, mootness, lack of bankruptcy jurisdiction and the failure to state a claim upon which relief can be granted. Alternatively, the action should be abated until the

ruling issues from the Texas Court of Appeals regarding the sole remaining "debt" of the Debtor. For all of the foregoing reasons, Movants respectfully request that the Court reverse the ruling of the bankruptcy court, grant this Motion for Dismiss with prejudice and for such other and further relief to which Defendants may show themselves justly entitled.

THE STEIDLEY LAW FIRM

*/ s / Jeffrey W. Steidley*
Jeffrey W. Steidley
THE STEIDLEY LAW FIRM
3701 Kirby Drive, Suite 1170
Houston, Texas 77098
(713) 523-9595
(713) 523-9578 – Fax
jeff@texlaw.us

**ATTORNEY FOR APPELLANTS**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned hereby certifies that based on the word processing software used to prepare this brief, the word count is 8391 words.

*/ s / Jeffrey W. Steidley*
Jeffrey W. Steidley

27

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via the court's ECF system on this 8TH day of October, 2025.

| | |
|---|---|
| Thomas Michael Ballases | *ballases@hooverslovacek.com* |
| Onn behalf of Plaintiffs | |
| John Quinlan | |
| Omar Khawaja | |
| Osama Abdullatif | |
| | |
| Angeline Vachris Kell | *kell@hooverslovacek.com* |
| On behalf of Plaintiffs | *doucet@hooverslovacek.com* |
| John Quinlan | *avkell@gmail.com* |
| Omar Khawaja | |
| Osama Abdullatif | |
| | |
| Steven A. Leyh | *leyh@hooverslovacek.com* |
| On behalf of Plaintiffs | *graham@hooverslovacek.com* |
| John Quinlan | |
| Omar Khawaja | |
| Osama Abdullatif | |
| | |
| Matthew W. Bourda | *matthew@jonesmurray.com* |
| Robert Paul Debelak, III | *bobby.debelak@mhllp.com* |
| On behalf of Creditors | |
| Cypress BridgeCo, LLC | |
| Magnolia BridgeCo, LLC | |
| | |
| Robin L Harrison | *rharrison@hicks-thomas.com* |
| On behalf of Defendant | *doucet@hooverslovacek.com* |
| A. Kelly Williams | |
| | |
| Jennifer Lea MacGeorge | *service@jlm-law.com* |
| On behalf of Defendants | |
| 2727 Kirby 26L LLC | |
| 9201 Memorial Dr. LLC | |
| Arabella PH 3201 LLC | |
| Dalio Holdings I, LLC | |

Jennifer Lea MacGeorge   *service@jlm-law.com*
On behalf of Defendants
Galleria Loop Note Holder LLC
Jetall Companies, Inc.

Jennifer Lea MacGeorge   *service@jlm-law.com*
On behalf of Defendants
Shepherd-Huldy Development I, LLC
Shepherd-Huldy Development II, LLC

James Q. Pope     *jamesp@thepopelawfirm.com*
On behalf of Defendants
2727 Kirby 26L LLC
9201 Memorial Dr. LLC
Arabella PH 3201 LLC
Dalio Holdings I, LLC
Galleria Loop Note Holder LLC
Jetall Companies, Inc.

Lenard M. Parkins    *lparkins@parkinsrubio.com*
On behalf of Defendant   *9141256420@filings.docketbird.com*
Shahnaz Choudhri    *bmcfadden@parkinsrubio.com*

Timothy L. Wentworth   *twentworth@okinadams.com*
On behalf of Defendant   *sgonzales@okinadams.com*
Randy W Williams Ch7 Trustee *nhollon@okinadams.com*

         */s/Jeffrey W. Steidley*
          Jeffrey W. Steidley